UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMOND WARD,

    Defendant.

_____/

Case No. 16-cr-20632

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR THE PRODUCTION OF SENTENCING TRANSCRIPTS [#66]**

On June 13, 2017, Defendant Damond Ward pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). ECF No. 37. In accordance with the sentencing guidelines set forth in his plea agreement, the Court sentenced Defendant to a term of 108 months imprisonment. ECF No. 49. On March 18, 2019, Defendant filed a Motion for Ineffective Assistance of Counsel, which the Court construed as a Motion to Vacate Sentence pursuant to 28 U.S.C. 2255. ECF No. 50. The Court denied that Motion on June 14, 2019. ECF No. 60.

Presently before the Court is Defendant's Motion for the Production of Sentencing Transcripts. ECF No. 66. Defendant requests his sentencing transcripts to assist with his post-conviction proceedings. *Id*.

Title 28 U.S.C. § 753(f) governs the production of transcripts free of charge in Section 2255 proceedings, which states in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal*. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f) (emphasis added). A defendant must make a particularized showing as to the substantial question presented and the need for a transcript to address that issue. *See United States v. MacCollom*, 426 U.S. 317, 326 (1976). A "substantial question" has been defined as: "a close question or one that could go either way;" the "question is so integral to the merits;" "it is more probable than not that reversal will be required;" or that the question is "novel . . . and has not been decided by controlling precedent or is fairly doubtful." *Carter v. Ricumstrict*, No. 07-1331, 2013 WL 3242957, at *1 (E.D. Mich. June 26, 2013) (citing *United States v. Parkes*, 2009 WL 5205370 *3 (E.D. Tenn. 2009) (internal quotations and citations omitted)).

Here, the Court will deny Defendant's Motion because he has failed to make a particularized showing as to his need for the sentencing transcripts. Instead, the Motion broadly states that he is "in the process of perfecting an appeal" and seeks

2

to obtain his transcripts for that purpose. ECF No. 66, PageID.290. However, a prisoner is not entitled to the preparation of a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief. *See Lucas v. United States,* 423 F. 2d 683, 684-85 (6th Cir. 1970). Defendant is therefore not entitled to a free transcript from his sentencing because he has failed to point to any specific need for the transcripts to prepare his post-conviction motion. *See MacCollom*, 426 U.S. at 326; *see also Route v. Blackburn,* 498 F. Supp. 875, 877 (M.D. La. 1980). Given the conclusory nature of Defendant's Motion, Defendant fails to raise a substantial question as required by 28 U.S.C. § 753(f).

Defendant is therefore not entitled to a sentencing transcript to be paid by the Government under 28 U.S.C. § 753(f). Defendant may instead request the transcript from the court reporter and make payment arrangements in accordance with Local Rule 80.1. E.D. Mich. L.R. 80.1.

Accordingly, Petitioner's Motion for Production of Sentencing Transcripts [#66] is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain<br>
GERSHWIN A. DRAIN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager